IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VIDNOD GOEL | : | |
| Plaintiff | : | |
| v. | : | Civil Case No. L-10-2536 |
| TISHCON CORPORATION et al. | : | |
| Defendants | : | |

o0o
**MEMORANDUM**

Plaintiff, Vidnod Goel, brings this action against Defendants Tishcon Corporation ("Tishcon") and Naresh Balaggan based on claims stemming from the termination of Goel's employment. Now pending are two motions. The first is the Defendants' Partial Motion to Dismiss. Docket No. 8. The second is the Defendants' Motion for Sanctions based on alleged witness tampering conducted by Goel's family members. Docket No. 26. For the reasons stated herein, the Court will GRANT IN PART and DENY IN PART the Defendant's Motion to Dismiss and DENY without prejudice the Defendants' Motion for Sanctions.

**I.   BACKGROUND**

The following are the facts as alleged in the Complaint. Tishcon is a New York Corporation that manufactures, packages, and sells vitamins. In 1998, Tishcon hired Goel to work as a line operator in its factory in Salisbury, Maryland.

In 1991, Goel suffered an on-the-job accident that left him partially disabled and walking with a permanent limp. At some unspecified point thereafter, Naresh Balaggan became Goel's

1

supervisor. Goel alleges that Balaggan was hostile toward him and treated him differently than other employees because of his disability. Goel further states that in 1997 he made complaint to Tishcon's upper management that Balaggan was showing favoritism to friends and sexually harassing female employees, for which Balaggan allegedly retaliated by suspending Goel for three days without pay and threatening to break his legs. Goel claims that from 1997 to 2009 he was subjected to a hostile work environment because of his disability and his prior complaint.

On June 10, 2009, Goel was fired from Tishcon. The Complaint states that Balaggan wrongly accused Goel of violating a company policy and suspended him. When Goel objected to the suspension, Balaggan allegedly terminated Goel's employment, called him a "gimp," and used violent force to eject him from Balaggan's office.

Goel's Complaint contains several causes of action. First, he seeks unpaid wages for hours worked and for unused vacation and sick time under Maryland law (Count I) and the terms of his employment contract (Count II). Second, he seeks damages for battery (Count III). Finally, he alleges discrimination on the basis of his disability in violation of Maryland law (Count IV) and the Americans With Disabilities Act (Count V), as well as wrongful discharge under Maryland common law (Count VI). Tishcon and Balaggan have filed a partial Motion to Dismiss, seeking dismissal of Goel's contract claim and his discrimination claims insofar as they allege a hostile work environment.

**I.    LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The complaint must state "more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965. The Court must, however, "assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

## II. ANALYSIS

### a. Contract Claim

Count II of the Complaint states that "Tishcon and Mr. Goel were parties to a general employment contract pursuant to which Tishcon agreed, and was obligated, to pay Mr. Goel an hourly wage for all hours that he worked and to pay Mr. Goel for all accrued and unused vacation and sick leave at the time of the termination of his employment with Tishcon." Pl.'s Compl. 5, Docket No. 2. The Defendants move to dismiss, arguing that the only contract to which Goel could be referring is Tishcon's employee handbook, which cannot constitute a contract, and that in any case Goel was an at-will employee.

These arguments miss the mark. Nowhere in the complaint does Goel rely specifically on Tishcon's employee handbook, or claim that it constitutes the full agreement between the parties. Moreover, the fact that Goel was an at-will employee may be relevant to Tishcon's ability to terminate his employment, but has no bearing on whether he is owed money for work already done or leave foregone. There can be no doubt that Tishcon was contractually obligated to pay Goel for work he performed during the tenure of his employment. The exact terms and conditions of Goel's employment, and the amount of back pay owed to him, if any, are factual questions inappropriate for decision on a motion to dismiss.

## b. Disability Discrimination Claims

Counts IV and V of the Complaint allege discrimination on the basis of a disability in violation of state and federal law. Though the claims are not specifically laid out, the Court will assume that Goel seeks redress for both wrongful termination and a hostile work environment. The Defendants do not challenge the sufficiency of the wrongful termination claim, but argue that Goel cannot state a prima facie case of a hostile work environment.[1]

The Court agrees. The Complaint does not identify a single discrete act or statement that would constitute harassment. Instead, it states in wholly conclusory terms that "Balaggan was extremely hostile towards Mr. Goel and treated Mr. Goel differently from other similarly situated employees . . . ." and that "Balaggan continued to act in a hostile nature [sic] toward Mr. Goel[,] made Mr. Goel's employment . . . extremely difficult and created a hostile work environment." Pl.'s Compl. 3, Docket No. 2.

While Fed. R. Civ. P. 8(a)(2) requires the only a "short and plain statement of the claim showing that the pleader is entitled to relief" and not "detailed factual allegations," Goel's Complaint contains the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" that cannot withstand a motion to dismiss. Iqbal, 129 S. Ct. at 1949. The Court is not bound to accept as true legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986).

Because the Court is hesitant to dismiss a poorly pled claim when others are proceeding to discovery, Goel will be granted leave to file an Amended Complaint which lays out his hostile work environment claim in greater detail.

---

[1] The Defendants also pray for dismissal to the extent that Goel seeks to advance a retaliation claim. While the Complaint's statement of facts does in fact assert that Goel was retaliated against for reporting Balaggan to senior management, no count explicitly identifies retaliation, and Goel concedes that he has not alleged such a claim. Pl.'s Opp. to Mot. to Dismiss 9, Docket No. 15.

### c. Exhaustion of Administrative Remedies

Goel's discrimination claims are brought pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq., and its Maryland State law analogue, § 20-606 of the State Government Article of the Maryland Code. Prior to bringing a suit under the Americans with Disabilities Act, a litigant must have exhausted the administrative process at the Equal Employment Opportunity Commission. Dickey v. Greene, 710 F.2d 1003, 1005 (4th Cir. 1983). Similarly, a plaintiff may only bring suit under Title 20 of the Maryland State Government Article if "the complainant initially filed a timely administrative charge or a complaint under federal, State, or local law alleging an unlawful employment practice by the respondent" and "at least 180 days have elapsed since the filing of the administrative charge or complaint." Md. Code Ann., State Gov't § 20-1013(a).

Nowhere in the Complaint does Goel assert compliance with these requirements. Therefore, Goel's discrimination claims will be dismissed without prejudice, and his Amended Complaint must demonstrate that he has properly exhausted his administrative remedies before filing suit.

### d. Wrongful Discharge

Count VI of Goel's Complaint seeks relief under the Maryland common law tort of wrongful discharge. It is well settled that "[w]here the public policy foundation for the abusive discharge claim is expressed in a statute, and that statute already contains a remedy for vindicating the public policy objectives, then judicial recognition of an abusive discharge claim is considered both redundant and inappropriate." Gaskins v. Marshall Craft Assoc., Inc., 110 Md.

App. 705, 715 (Md. Ct. Spec. App. 1996) (finding plaintiff's wrongful discharge claim preempted by Title VII and Art. 49B of the Maryland Code).[2]

In this case, the ADA and its Maryland analogue provide express statutory remedies for termination on the basis of a disability. Goel cannot, therefore, maintain a cause of action for wrongful discharge, and Count VI of his Complaint must be dismissed.

### e. Motion for Sanctions for Witness Tampering

In addition to their Motion to Dismiss, the Defendants have filed a Motion for Sanctions for Witness tampering. Docket No. 26. They assert that Goel's wife and sons attempted to improperly influence witnesses through the use of both threats and bribes, and append to their Motion declarations to this effect from the witnesses involved. The Defendants further contend that the proper remedy for such behavior is dismissal of the case with prejudice. Goel has replied with a complete denial of any improper contact of the sort alleged, and has submitted similar declarations from his family members.

Claims of witness tampering are accusations of the utmost seriousness, because they call into question the very foundation of fair play and objective fact-finding on which the American trial system is predicated. Because of the importance of the claim, and because each side flatly denies the other's version of events, much more information is needed. Discovery between the parties will, therefore, encompass not only the claims in the Amended Complaint, but the claims related to alleged witness tampering as well. The process of discovery itself should not be tainted, since each of the complaining witness states that he refused to change his story when asked to do so.

---

[2] Article 49B was the precursor statute to Md. Code Ann., State Gov't § 20-601 et seq., the provision on which Goel relies in Count IV.

The Defendants' Motion for Sanctions will be dismissed without prejudice, and may be renewed at the summary judgment stage when the Court can evaluate its merits with the benefit of a fully developed record.

**III.   CONCLUSION**

For the foregoing reasons, the Court will, by separate Order of even date, GRANT IN PART and DENY IN PART the Defendant's Motion to Dismiss (Docket No. 8) as follows:

    i.  Count IV and Count V of the Complaint are dismissed without prejudice to the filing of an Amended Complaint; and

    ii.  Count VI of the Complaint is dismissed.

Goel is directed to file his Amended Complaint within 30 days following the date of the Court's Order.

The case will proceed to discovery. Though they are dismissed here without prejudice to the filing of an Amended Complaint, Goel's claims of wrongful termination and hostile work environment in Counts IV and V are proper subjects for discovery. The Court will enter a Scheduling Order to govern the conduct of the case.

The Court will further DENY the Defendants' Motion for Sanctions for Witness Tampering (Docket No. 26) without prejudice to renewal at summary judgment.

Dated this 4th day of March, 2011

/s/
_____
Benson Everett Legg
United States District Judge