IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VIDNOD GOEL          :

  Plaintiff           :

 v.              Civil Case No. L-10-2536

              :

TISHCON CORPORATION et al.

              :

  Defendants         :

o0o
**MEMORANDUM**

Plaintiff, Vidnod Goel, brings this action against Defendants Tishcon Corporation ("Tishcon") and Naresh Balaggan based on claims stemming from the termination of Goel's employment. Now pending is the Defendants' second Partial Motion to Dismiss. Docket No. 41. For the reasons stated herein, the Court will, by separate Order of even date, GRANT the Motion.

**I. BACKGROUND**

The facts of the case as alleged by Goel are laid out in the Court's Memorandum opinion of March 4, 2011 and need not be restated here. In short, Goel claims that he was harassed and eventually terminated from his employment at Tishcon on the basis of his disability, a limp resulting from an on-the-job accident in 1991.

Following removal of the case from the Circuit Court for Wicomico County, the Defendants moved to dismiss the Complaint in part, arguing that Goel had failed to allege facts sufficient to make out a prima facie case of a hostile work environment. The Court agreed and

1

dismissed without prejudice Counts IV and V of the Complaint, which claimed a hostile work environment in violation of the Americans with Disabilities Act ("ADA") and its Maryland state law analogue. The Court held that

> The Complaint does not identify a single discrete act or statement that would constitute harassment. Instead, it states in wholly conclusory terms that "Balaggan was extremely hostile towards Mr. Goel and treated Mr. Goel differently from other similarly situated employees . . . ." and that "Balaggan continued to act in a hostile nature [*sic*] toward Mr. Goel[,] made Mr. Goel's employment . . . extremely difficult and created a hostile work environment."

Mem. Opp. 4, Docket No. 29. The Court then directed Goel to file an Amended Complaint in which his hostile work environment claims would be stated in greater detail.

On April 4, 2011, Goel filed his Amended Complaint. Docket No. 36. On May 5, 2011, the Defendants again moved to dismiss Goel's hostile work environment claims. Docket No. 41.

I.   **LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).[1] The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965. The Court must, however, "assume the veracity [of well-pleaded factual allegations]

---

[1] In his opposition to the Defendants' Motion to Dismiss, Goel urges that "[w]hen considering a Motion to Dismiss, a court should not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief," and cites in support the case of U.S. v. Azrael, 774 F. Supp. 376 (D. Md. 1991). Pl.'s Opp. 3, Docket No. 43-1. Though the citation is omitted from Goel's brief, Judge Nickerson's opinion in Azrael was, of course, quoting the Supreme Court's well-known articulation of the Rule 12(b)(6) standard in Conley v. Gibson, 355 U.S. 41, 45–46 (1957).
    In Twombly, which has been the controlling standard for some years now, the Supreme Court expressly disavowed Conley's oft-quoted language, stating "this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard." Twombly, 550 U.S. at 563.

and then determine whether they plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

II. ANALYSIS

Despite the Court's invitation to restate his hostile work environment claims with greater particularity so as to fulfill the requirements of Rule 8(a)(2), Goel has not done so. Indeed, from the Court's reading, the sole difference between the original Complaint and the Amended Complaint in this regard is a minor addition to the statement of facts section. The first sentence of paragraph 14 of the Complaint, which read, "From 1997 until 2009 Mr. Balaggan continued to act in a hostile nature toward Mr. Goel," has been changed, in paragraph 18 of the Amended Complaint, to read, "From 1997 until 2009 Mr. Balaggan continued to act in a hostile nature toward Mr. Goel <u>by making repeated derogatory statements to Mr. Goel regarding his disability and medical condition</u>." Compl. ¶ 14, Docket No. 2; Am. Compl. ¶ 18, Docket No. 36 (emphasis supplied). This hollow rephrasing adds nothing to the Complaint.

Goel simply alleges without elaboration that Balaggan made derogatory remarks about his limp. As before, not a single allegedly derogatory statement during this twelve-year period is actually identified, and the factual allegations remain otherwise identical to those in Goel's original Complaint.[2] Goel's Amended Complaint, like his first, does not "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 570). The allegations of the Amended

---

[2] Goel does allege that, during the meeting at which he was terminated, Mr. Balaggan called Goel a "gimp" and physically ejected Goel from his office. Am. Compl. ¶ 19. While this allegation is relevant to Goel's charges of discriminatory termination, the alleged remark was made either contemporaneously with or following Goel's discharge, and as such cannot fairly be said to relate to his work environment. Even taking the alleged remark into account, however, Goel's allegations of a hostile work environment would still be legally insufficient. Moreover, the particularity with which the remark is related serves to highlight the lack of any other specifically identifiable derogatory comment.

Complaint, taken as a whole, fall far short of the type of "severe and pervasive" harassment required by Title VII and are, therefore, insufficient as a matter of law to make out a prima facie case of a hostile work environment.  See Harris v. Forklift Sys., 510 U.S. 17, 21–22 (1993).

**III.    CONCLUSION**

For the foregoing reasons, the Court will, by separate Order of even date, GRANT the Defendants' Motion to Dismiss (Docket No. 14) and dismiss Counts VI and VII of the Amended Complaint.  Because Goel's wrongful termination claim remains in the case, the Court will still permit deposition discovery regarding Balaggan's attitude towards Goel.  If Goel believes that such discovery reveals sufficient evidence of a hostile work environment he may, within seven days following the close of discovery, move the Court for leave to revive his hostile work environment claims.  Goel is forewarned, however, that such motion will not be considered absent significantly more than has been alleged thus far.

Dated this 15th day of June, 2011

/s/
_____
Benson Everett Legg
United States District Judge